IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DAVID LaPOSTA and KIMBERLY LaPOSTA,

    Plaintiffs,

v.                                        Civil Action No. 5:11CV177
                                                         (STAMP)
WILLIAM M. LYLE and PARKVALE BANK,
a Pennsylvania banking corporation,

    Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING MOTION TO STRIKE ANSWER
AND FOR ENTRY OF DEFAULT AND
DENYING ALTERNATIVE REQUEST TO
STRIKE AFFIRMATIVE DEFENSES**

I.   Background

The plaintiffs, David and Kimberly LaPosta, filed this civil action in the Circuit Court of Hancock County, West Virginia on November 12, 2010. The original two-count complaint alleged negligence and breach of contract and arose out of the decline of a debtor/creditor relationship between the parties. At the time that the plaintiffs filed their original complaint in state court, they instructed the Clerk of the Circuit Court of Hancock County to not serve the defendants with process.

On November 10, 2011, the plaintiffs filed a first amended complaint in the circuit court, which added a third count, a claim for malicious prosecution/abuse of process raised against defendant Parkvale Bank ("Parkvale") only. On November 16, 2011, Parkvale was served with process. The defendants removed this civil action

to this Court based upon diversity jurisdiction under to 28 U.S.C. § 1332 on December 8, 2011.

The plaintiffs then filed a motion to remand, which this Court denied. The defendants also filed a motion to dismiss the plaintiffs' amended complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), as well as a motion to strike the plaintiffs' jury demand as waived by loan documents executed between the parties. This Court denied in part and granted in part the defendants' motion to dismiss and denied without prejudice the defendants' motion to strike the plaintiffs' jury demand.

Following this Court's memorandum opinion and order denying remand, partially granting and partially denying the defendants' motion to dismiss, and denying without prejudice the defendants' motion to strike the jury demand, the parties engaged in continued discovery for roughly two months, and the defendants filed an answer to the plaintiffs' amended complaint. The day following the defendants' filing of their answer, the plaintiffs filed a motion to strike the answer and for entry of default, arguing that the answer was untimely filed. The defendants responded, and the plaintiffs filed a reply. This motion is now fully briefed and ripe for disposition by this Court. Because this Court finds that the law favors disposition of matters on their merits, and because this Court does not believe that default is appropriate in this instance, or that the untimely filing of the defendants' answer

2

unfairly or unduly prejudices the plaintiffs, this motion is denied.

Rule 55 of the Federal Rules of Civil Procedure allows a district court to enter default when a party "has failed to plead or otherwise defend." Nevertheless, entry of a default judgment is a disfavored device, and the disposition of a case on its merits is the more acceptable practice. Schwarzer, Tashima & Wagstaffe, Rutter Group Prac. Guide: Fed. Civ. Pro. Before Trial 6:11 (The Rutter Group 2008). See also Tazco, Inc. v. Dir., Office of Workers. Comp. Programs, U.S. Dept. of Labor, 895 F.2d 949 (4th Cir. 1990) ("The law disfavors default judgments as a general matter."); United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982) ("[T]he clear policy of the Rules is to encourage dispositions of claims on their merits."); Jefferson v. Briner, Inc., 461 F. Supp. 2d 430, 433 (E.D. Va. 2006) ("[D]efault judgments are generally disfavored.").

While it is clear, and the defendants do not deny, that the defendants' answer to the amended complaint following this Court's partial denial of their motion to dismiss was untimely filed,[1] the defendants have otherwise defended this action consistently from the time that they were initially served in state court through the

---

[1] Federal Rule of Civil Procedure 12(a)(1)(C)(4) requires that responsive pleadings "be served within 14 days after notice of the court's action" regarding a motion to dismiss. The defendants filed their answer to the amended complaint 64 days after this Court's memorandum opinion and order partially denying their motion to dismiss.

3

present. The defendants have defended the allegations against them by removing this case, filing motions to dismiss and to strike the jury demand, responding to the plaintiffs' motion to remand, participating in discovery,[2] filing an answer and affirmative defenses, filing a motion for summary judgment, filing multiple motions in limine, filing a renewed motion to strike jury demand, and opposing this motion to strike and for default.

The plaintiffs point to Broglie v. Mackay-Smith, 75 F.R.D. 739 (W.D. Va. 1977), as support for their contention that "the Fourth Circuit has unequivocally stated that a party's failure to serve 'a responsive pleading after their motion to dismiss is ultimately denied was clearly an act of default." ECF No. 53 *1. However, in making this argument, the plaintiffs ignore both the fact that Broglie is not a Fourth Circuit Court of Appeals case, and also that in Broglie, after the defendants' motion to dismiss was ultimately denied, the defendants did not participate in the litigation of the matter at all. 75 F.R.D. at 741. Further, in that case, the plaintiffs moved for default before the defendants filed any answer. Id. The defendants did not file an answer until they filed objections to the plaintiffs' motion for default; over six months after their motion to dismiss was denied. Id.

---

[2]The plaintiffs point to a number of discovery disputes wherein they argue that the defendants have failed to promptly or adequately respond to discovery. These arguments are not grounds for default.

In this case, the defendants have actively participated in this matter throughout the time following this Court's denial of their motion to dismiss, until and including the time of the plaintiff's motion to strike answer and for entry of default. Further, their answer, while untimely pursuant to the Federal Rules of Civil Procedure, was filed prior to the plaintiffs' motion for default. Federal Rule of Civil Procedure 55(a) requires that default be entered "[w]hen a party . . . <u>has failed to plead or otherwise defend</u> . . ." (emphasis added). The rule makes no mention of default when a party has failed to "timely" plead. This Court finds that the defendants have otherwise defended this matter, and that under the circumstances in this case, the plaintiffs cannot ask for default after an answer has been filed, notwithstanding the lack of timeliness of that answer. The only support that plaintiffs give for their assertion that such a request is supported by the rules is <u>Broglie</u>, which as explained above, is both not binding upon this Court and notably factually dissimilar.

Neither does this Court find any merit to the plaintiffs' assertion that they are unfairly or unduly prejudiced by the defendants' filing of an answer the day after "[p]laintiffs were deposed for almost five and one-half hours" by the defendants. ECF No. 53 *3. The plaintiffs claim that they were deprived of the ability to address the "issues raised in Defendants' answer" at their depositions as a result of the late filing. <u>Id.</u> This Court

5

fails to see the merit in this contention. The deposition of the plaintiffs is conducted by counsel for the defendants. The defendants form the questions and the plaintiffs are required to answer those questions truthfully. The truthful answers to defendants' questions should not require the knowledge of the defendants' answers or affirmative defenses to the amended complaint.[3] Accordingly, this Court finds that the plaintiffs have also failed to show that they have been prejudiced by the late filing of the defendants' answer.

## II. Conclusion

For the reasons described above, the plaintiffs' motion to strike answer and for default (ECF No. 43), and the plaintiffs' alternative request to strike affirmative defenses are DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this order to counsel of record herein.

DATED:    September 27, 2012

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE

---

[3]For the same reasons, this Court also denies the plaintiffs' alternative request to strike the defendants' affirmative defenses contained in their answer.